UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAX CHARLOT,

                Petitioner,

vs.                              Case No.  2:06-cv-525-FtM-29DNF
                                              Case No.  2:03-cr-126-Ftm-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Doc. #1)[1] and a Memorandum of Law (Doc. #2), both filed on October 2, 2006. The United States' Response (Doc. #6) was filed on December 1, 2006, and petitioner's Traverse (Doc. #7) and Affidavit (Doc. #8) were filed on December 22, 2006.

**I.**

Petitioner Max Charlot (petitioner or Charlot) was charged in two counts of a five-count Indictment (Cr. Doc. #35). Count One charged that on or about October 30, 2003, petitioner and five other named defendants conspired to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Count Two

_____

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Doc.).

charged that on October 30, 2003, petitioner did knowingly use, carry, and possess a firearm during and in relation to the drug trafficking crime charged in Count One.  In due course petitioner was convicted by a jury of both counts, and on the verdict form the jury specifically found that petitioner was responsible for at least five kilograms of cocaine.  (Cr. Doc. #138).  Petitioner was sentenced to imprisonment of 262 months as to Count One and 60 months consecutively as to Count Two.

Petitioner filed a direct appeal, and the Eleventh Circuit upheld the convictions and sentences.  (Cr. Doc. #210); United States v. Charlot, 135 Fed. Appx. 365 (11th Cir. 2005). Petitioner's petition for a writ of certiorari with the United States Supreme Court was denied.  Charlot v. United States, 546 U.S. 957 (2005).

## II.

Petitioner asserts that his trial attorney was constitutionally ineffective by conceding petitioner's guilt in opening statement.  Petitioner asserts that although his attorney did so to make an Apprendi[2] challenge regarding the quantity of drugs, this strategy was unreasonable because an Apprendi challenge could have been raised at sentencing by making proper objections.

---

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

**A.**

Under the facts of this case, as discussed in more detail below, the applicable legal standard is that set forth in Strickland v. Washington, 466 U.S. 668 (1984).  See Florida v. Nixon, 543 U.S. 175, 189-192 (2004); Atwater v. Crosby, 451 F.3d 799, 808 (11th Cir. 2006).  Strickland established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his counsel rendered ineffective assistance.  Petitioner must establish (1) that his counsel's representation was deficient, i.e., fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced petitioner, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687-88.  See also Rompilla v. Beard, 545 U.S. 374 (2005); Lawhorn v. Allen, 519 F.3d 1272, 1293-97 (11th Cir. 2008).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to

raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003).

## B.

The Supreme Court has recently summarized Apprendi and its progeny as follows:

> As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. The relevant "statutory maximum," this Court has clarified, is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

Cunningham v. California, 127 S. Ct. 856, 860 (2007)(internal citations and quotations omitted.) In a federal drug prosecution under 21 U.S.C. § 841, Apprendi is only implicated when a judge-found drug quantity increases defendant's sentence beyond the statutory maximum. United States v. Sanchez, 269 F.3d 1250, 1268-69 (11th Cir. 2001)(en banc); United States v. Underwood, 446 F.3d 1340, 1344-45 (11th Cir. 2006). Even after United States v. Booker, 543 U.S. 220 (2005), a district court is bound by the statutory mandatory minimum sentences. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th 2005).

**C.**

In this case, Count One of the Indictment charged petitioner and five others with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. Because the Indictment specifically alleged that the quantity was more than five kilograms, the sentence was a mandatory ten years to life imprisonment, 21 U.S.C. § 841(b)(1)(A)(ii), instead of zero to twenty years imprisonment if no quantity was alleged.  21 U.S.C. § 841(b)(1)(C).

The case involved a reverse sting wherein an undercover police officer posed as a disgruntled courier of cocaine.  The undercover officer was to advise defendants of when and where he would be delivering one or two kilograms of cocaine, and petitioner and his co-defendants were to rob the location of the one or two kilograms plus the far larger amount (40-50 kilograms) which was represented to be at the location.  In his opening statement, petitioner's counsel conceded the existence of a conspiracy, but argued that it was limited to taking the one or two kilograms from the officer, not stealing the larger amount of cocaine from the location.  If the jury found the conspiracy involved less than 5 kilograms of cocaine, defendant's <u>worst</u> sentence would be 240 months imprisonment, or 22 months less than he actually received on the drug count after the jury found more than five kilograms were involved in the conspiracy.

After opening statements the Court asked petitioner's counsel to place his thoughts on the record concerning his conceding petitioner's guilt as to some the allegations. Counsel stated that it was his position that petitioner had the intent to take the two kilograms from the courier, but not to "hit" the house to steal the 40-50 kilograms. The Court then addressed petitioner directly, stating that his attorney had essentially conceded in opening statement the existence of a cocaine conspiracy and petitioner's participation in it, but had argued that the object of the conspiracy was less than the quantity alleged by the government. Petitioner stated he understood this. The Court then asked petitioner if he agreed with that particular strategy. Petitioner said he had discussed the matter with his attorney before the opening, knew his attorney was going to make the concession, agreed with his attorney and wanted his attorney to do it, had no questions, and that it was done with his consent. (Cr. Doc. #197, pp. 4-6.)

Petitioner now asserts that his attorney coached him into agreeing to this strategy and did not advise him of the full scope of the concession (Doc. #2, p. 4). However, the Court's inquiry of counsel and petitioner was unannounced, counsel did not coach petitioner in his answers to the court, and the Court advised petitioner of the full scope of the concession, which petitioner said he understood and agreed with. Petitioner concedes that he agreed to the strategy at least in part: "Petitioner did not agree

-6-

to anything more than the attempted two kilograms ripoff." (Doc. #2, p. 4.)  This is all counsel conceded.  The Court finds that petitioner consented to the strategic decision to make the concessions in opening statement, and that there was no ineffective assistance of counsel in following such a strategy.

Even without petitioner's consent, counsel was not ineffective in pursuing this strategy.  Defense counsel subjected the prosecution's case to a meaningful adversarial testing, fully cross examining the undercover officer as to the events and his contacts with petitioner, as well as the two co-defendants who testified for the government.  Given the direct and overwhelming evidence of petitioner's participation in the conspiracy, it was reasonable to focus on an argument which would effectively reduce petitioner's maximum possible sentence.  In closing argument defense counsel pursued his attack on the government's case and his argument that only two kilograms were involved.  (Cr. Doc. #198, pp. 410-16.)

Petitioner argues that the concession constituted ineffective assistance of counsel because an Apprendi objection could have been lodged at sentencing, and his attorney never made an Apprendi objection during his sentencing.  As discussed above, petitioner is incorrect.  Apprendi requires a jury to determine whether there were five or more kilograms involved in the conspiracy if the enhanced punishment is to be applicable.  Waiting until sentencing to argue drug quantity would have been too late.  Given the jury's verdict finding more than five kilograms were involved in the

conspiracy, there was no <u>Apprendi</u> issue to be raised at sentencing since the specific amount in excess of five kilograms was for the Court to determine as long as the sentence did not exceed the statutory maximum.   Since the statutory maximum was life imprisonment, petitioner's 262 month sentence was not an <u>Apprendi</u> violation and counsel was not ineffective in failing to assert such a violation.

Petitioner also argues that the strategy was not logical because an <u>Apprendi</u> violation is cured by overturning the sentence, not the conviction, and the strategy effectively overrode his exercise of his right to trial by jury.  (Doc. #2, p. 5.)  Even if petitioner had not consented to the strategy, it was reasonable to pursue in light of the strong government case.  Petitioner asserts that an alternative to conceding guilt would have been a motion for judgment of acquittal at the close of the government's case as to the quantity of drugs.  (Doc. #2, p. 5.)  The record reflects that defense counsel did make a motion for a judgment of acquittal, but it was denied by the Court.  (Cr. Doc. #198, pp. 356-60.)

### III.

Petitioner next argues that the court committed structural error[3] and violated his Fifth and Sixth Amendment rights when it

---

[3]A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," <u>Arizona v. Fulminante</u>, 499 U.S. 279, 310 (1991), and has been found "only in a 'very limited class of cases.'" <u>Neder v. United States</u>, 527 U.S. 1, 8 (1999)(citations (continued...)

enhanced his sentence based on facts neither charged in the Indictment nor submitted to the jury.  Petitioner also asserts that his attorney was ineffective in failing to raise this objection to the enhancements at the sentencing.  Petitioner relies upon Apprendi and Blakely v. Washington, 542 U.S. 296 (2004).

At the sentencing hearing, the Court found that defendant occupied a leadership role as an organizer or leader of criminal activity involving five or more participants and imposed a four level enhancement under Sentencing Guidelines § 3B1.1(a).  The Court also determined that the amount of drugs petitioner was responsible for was 40 kilograms of cocaine.

Neither Apprendi nor Blakely was violated in this case.  As discussed above, the law was and is clear that a district court may determine the quantity of drugs and impose sentence based upon that determination as long as the sentence does not exceed the maximum available under the facts found by the jury.  Sanchez, 269 F.3d at 1268-69; Underwood, 446 F.3d at 1344-45.  Here, the jury's verdict determined that more than five kilograms were involved; the statutory sentence under this circumstance was a mandatory ten years to life imprisonment; and petitioner was sentenced to 262 months imprisonment.  The Court therefore did not err and defense counsel was not ineffective for failing to claim such error.  Additionally, even where Apprendi error occurs, it is not

---

[3](...continued)
omitted).

structural error.  <u>United States v. Cromartie</u>, 267 F.3d 1293 (11th
Cir. 2001).

Additionally, the Court's enhancement of the sentence based
upon petitioner's leadership role did not violate <u>Apprendi</u> or its
progeny.  The resulting sentence did not exceed the statutory
maximum, and therefore cannot constitute an <u>Apprendi</u> violation.
<u>Sanchez</u>, 269 F.3d at 1268.

**IV.**

Petitioner claims that his federal sentence was enhanced based
upon unconstitutional prior convictions.  Specifically, he asserts
that three of his prior state court convictions were the result of
involuntary guilty pleas in violation of <u>Boykin v. Alabama</u>, 395
U.S. 238 (1969), and that he is currently challenging those
convictions in Florida post-conviction proceedings.   In his
Traverse, petitioner asserts that his attorney was ineffective for
failing to investigate the validity of his prior convictions, and
that his conviction in Case No. F99-32382 was vacated by a state
court judge on November 21, 2006.

It is clear that counsel did not provide ineffective
assistance in connection with the prior convictions.  It is well
established that a federal criminal defendant cannot challenge his
prior convictions which are used to enhance his sentence except for
a conviction obtained in violation of the right to counsel.  <u>Custis
v. United States</u>, 511 U.S. 485 (1994).  Petitioner's only claim
concerning the validity of his prior convictions is that the guilty

-10-

pleas were involuntary under <u>Boykin</u>.  <u>Boykin</u> was not a case which involved the violation of right to counsel, and therefore there was no basis for counsel to investigate or challenge any of the three prior convictions petitioner now asserts were invalid.

It is also clear that petitioner may not utilize the § 2255 proceeding to challenge any of these prior convictions except for a violation of right to counsel.  <u>Daniels v. United States</u>, 532 U.S. 374 (2001); <u>McCarthy v. United States</u>, 320 F.3d 1230 (11th Cir. 2003).  Since no right to counsel claim is asserted, the validity of the prior convictions can not be challenged in this § 2255 proceeding.

Petitioner asserted in his Traverse that his conviction in Case No. F99-32382 was vacated by a state court judge on November 21, 2006.  It is clear that a petitioner can seek § 2255 relief after a prior conviction has been vacated by a state court so long as the § 2255 petition is timely.  <u>Custis</u>, 511 U.S. at 497; <u>Daniels</u>, 532 U.S. at 382; <u>Johnson v. United States</u>, 544 U.S. 295 (2005).  Since the Traverse was filed within a month of the state court order vacating the conviction, this claim is timely.

Assuming without deciding that petitioner acted with due diligence in pursuing post-conviction relief in state court, he is still not entitled to federal habeas relief.  The state conviction which has now been set aside was for simple assault in 1999, for which he received a two day jail sentence.  Eliminating that conviction would still result in a Criminal History Category II,

and therefore the Sentencing Guidelines range would not change.
The absence of this misdemeanor conviction would not have changed
the sentence the Court imposed on defendant.

**V.**

Finally, petitioner argues that his rights to a fair trial and
to due process were violated when the government's evidence
prejudicially varied from the Indictment. Additionally, petitioner
argues that his attorney was ineffective in failing to raise the
issue of the fatal variance. Specifically, petitioner argues that
the Indictment charged a one day conspiracy, but the government was
allowed to introduce evidence that the conspiracy started three
months earlier and involved 40 kilograms of cocaine. This
resulted, petitioner argues, in a fatal variance and in the
constructive amendment of the Indictment. The Court finds that
there was neither a material variance nor a constructive amendment
of the Indictment, or ineffective assistance of counsel.

The Indictment alleged five kilograms "or more" of cocaine
(Cr. Doc. #35), and petitioner was given all the discovery for the
events that preceded the date alleged in the Indictment. (Cr. Doc.
#197, p. 8.) The 40-50 kilograms discussed in the evidence was in
line with the Indictment claim that five kilograms or more were
involved in the conspiracy.

Further, the Indictment alleged that the conspiracy occurred
"on or about October 30, 2003." (Cr. Doc. # 35, p. 1.) Evidence
that the conspiracy began as to some of the co-defendants three

months before the single date charged in the Indictment was well
within the "on or about" allegation.

> When the government charges that an offense occurred "on
> or about" a certain date, the defendant is on notice that
> the charge is not limited to the specific date or dates
> set out in the indictment.  Proof of a date reasonably
> near the specified date is sufficient.  Ordinarily, a
> variance between the date alleged and the date proved
> will not trigger reversal as long as the date proved
> falls within the statute of limitations and before the
> return of the indictment. . . . Two purposes are served
> by the requirement that the allegations in the indictment
> and proof at trial correspond: (1) the defendant is
> properly notified of the charges so that he may present
> a defense; and (2) the defendant is protected against the
> possibility of another prosecution for the same offense.

United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989); see
also United States v. Roberts, 308 F.3d 1147, 1156 (11th Cir.
2002).  Petitioner had abundant notice of the charges and evidence,
with the complete evidence having been disclosed by the government
in pretrial discovery.  (Cr. Doc. #197, p. 8.)  There is no chance
petitioner will be prosecuted again for the same offense.  Thus,
there has neither been a material variance nor prejudice to
petitioner.

An amendment to an indictment occurs "when the essential
elements of the offense contained in the indictment are altered to
broaden the possible bases of conviction beyond what is contained
in the indictment."  United States v. Edwards, No. 06-11643, ___
F.3d _____, 2008 WL 1932136, *9 (11th Cir. May 5, 2008)(internal
citations and quotations omitted); United States v. De La Mata, 266
F.3d 1278, 1296 n.26 (11th Cir. 2001).  That did not happen in this

case.  Petitioner is incorrect in his argument that "drug quantity is an essential element of the offense under § 846, . . ."  (Doc. #2, p. 10.)  United States v. Clay, 376 F.3d 1296, 1298 (11th Cir. 2004).

Petitioner's counsel was not ineffective in regard to this matter.  Prior to the first government witness, defense counsel sought to exclude the testimony concerning prior events.  Counsel argued that the evidence was not relevant and would constitute an amendment to the Indictment.  These arguments were overruled by the court.  (Cr. Doc. #197, pp. 6-12.)

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DENIED.**

2.  The Clerk of the Court shall enter judgment in the civil case accordingly and close the civil file.  A copy of the judgment shall be placed in the associated criminal file, Case No. 2:03-cr-126.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of June, 2008.

JOHN E. STEELE
United States District Judge

-14-

Copies:
AUSA Casas
Max Charlot