```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:03-cr-126-JES

MAX CHARLOT
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Early Termination of Supervised Release (Doc. #309), filed on December 3, 2024. The United States Attorney's Office filed a Response (Doc. #310) opposing early termination.

On November 12, 2003, a grand jury returned an Indictment (Doc. #35) charging defendant and others with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count One) and defendant with an additional count of using and carrying a firearm during and in relation to the drug trafficking crime in Count One (Count Two). Defendant proceeded to trial and on February 27, 2004, a jury returned a Verdict of guilty of at least 5 kilograms of cocaine or more and of knowingly carrying a firearm during and in relation to a drug trafficking crime. (Doc. #138.)

On May 24, 2004, defendant was sentenced to 262 months as to Count One and 60 months as to Count Two to be served consecutively. (Doc. #174.) The conviction and sentence were affirmed on appeal (Doc. #210.) On appeal, the Eleventh Circuit noted:

Defense counsel asked that Charlot be sentenced to the low end of the guidelines range, pointing to Charlot's youth and suggesting that he had fallen in with the wrong crowd. Charlot himself then apologized to the courts, the government, and his family. He asked for the low end of the guideline range and expressed hope that he would eventually be released so that he could set a good example for his son.

The prosecutor responded by emphasizing Charlot's leadership role in the offense and the sentences being imposed on Charlot's co-defendants. The prosecutor also commented that "any sentence in this particular case is obviously a long one and one that's commensurate with the offense." Sentencing Tr. at 8.

Defense counsel then argued again that the low end of the guidelines range would be "sufficient punishment," and that the range was as high as it was because of the role enhancement. Sentencing Tr. at 8-9. The district court confirmed that the role enhancement had contributed to the higher sentencing range, as had Charlot's lack of acceptance of responsibility. The court then said:

> It's hard not to think a sentence of 262 months for anyone isn't a long sentence, certainly, someone with a criminal history of only Category II, so I appreciate what Mr. Cases [, the prosecutor,] is saying about [Charlot's] role [in the conspiracy]. That has been accounted for under the guidelines already. Unless someone talks me out of it, I do intend to impose a sentence at the low end of the guidelines.

> Sentencing Tr. at 9. Defense counsel said "I'll be quiet then." Sentencing Tr. at 9. The court responded as follows:
>
>> I don't mean to shut you up, but I want you to know that I think that's a substantial sentence. This is a significant crime and could have resulted in some very serious activity and it didn't. But, nonetheless, the Court feels that 262 months in the circumstances of the case is a sufficient sentence.
>
> Sentencing Tr. at 9-10. The court then sentenced Charlot to 262 months.
>
> Although the district court in this case did note that the sentence was substantial, it also indicated that the lengthy sentence was deserved because of the seriousness of the crime and Charlot's role in committing it. Indeed, the court's comments appear to be an explanation of why the court felt that a longer sentence was not required. Noting that a sentence is "sufficient" is not tantamount to characterizing it as more than sufficient.

United States v. Charlot, 135 F. App'x 365, 371–72 (11th Cir. 2005). On December 23, 2015, defendant's sentence was reduced to a total of 270 months (210 months on Count One and 60 months on Count Two) pursuant to Amendment 782 of the U.S. Sentencing Guidelines. (Doc. #284.)

Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice. 18 U.S.C. § 3583(e)(1).

The government states that defendant began his term of supervised release on February 10, 2023. The government concedes that defendant has maintained gainful employment while on supervised release while complying will all conditions and not testing positive for controlled substances. However, the government argues that the nature and circumstances of the offense, and the need for the sentence to promote respect for the law and to deter criminal conduct warrant continuing supervised release. Defendant has been transferred to the low-risk caseload and has served the statutory minimum for early termination. The Probation Office takes no position on the request. Defendant states that he has as strong support system in place and early termination would allow him "to further integrate into society and continue [his] positive contributions." (Doc. #309 at 3.)

Having considered the relevant factors, the Court finds that early termination of supervised release is not warranted in this case at this time. Although defendant has done well since his release, defendant has not otherwise indicated why supervised release should be terminated now or how it interferes with his ability to fully integrate into society.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Early Termination of Supervised Release (Doc. #309) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida this ___11th___ day of December 2024.

*John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
U.S. Attorney
U.S. Probation

5